IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| METRO AVIATION, INC., et al. | ) | CV 10-06-M-DWM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER NUNC PRO TUNC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  Introduction

Plaintiffs Metro Aviation, Inc. and Chartis Aerospace Insurance Services Inc. (collectively "Metro") brought this action against the United States under the Federal Tort Claims Act ("the Act").  Metro seeks damages for loss of property and wrongful death that allegedly occurred when a plane owned by Metro Aviation, Inc. crashed, destroying the plane and killing all three people on board.

1

Metro Aviation, Inc. is a corporation organized under the laws of Louisiana and with its principal place of business in Louisiana. Chartis Aerospace Insurance Services, Inc. is a corporation organized under the laws of Georgia. Compl., ¶¶ 1-2. The Complaint alleges the Federal Aviation Administration ("FAA") owned and operated the Salt Lake Center Air Traffic Control, which directed and advised air traffic in Montana. Id. at ¶ 11.

The Complaint alleges that in February 2007, a plane owned by Metro Aviation, Inc. was flying from Great Falls, Montana to Belgrade, Montana, on an emergency medical services position flight. In additional to the pilot, Vince Kirol, two medical crew members were on the plane. The plane crashed in a mountainous area northwest of the Gallatin Field Airport, located in Belgrade, Montana. Id. at ¶ 16. Metro alleges that during the flight, the Salt Lake Center Air Traffic Control "directed, controlled, communicated, vectored, instructed and advised" Kirol, but failed to warn him of a Minimum Safe Altitude Alert regarding the descent into Belgrade. Metro claims that if Kirol had been warned by Air Traffic Control employees of the Alert, he would have altered the angle of descent and avoided the plane crash. Id.

The United States now moves to dismiss the complaint or to transfer the case to the District of Utah, on the basis that venue is improper in the District of

Montana. Fed. R. Civ. P. 12(b)(3), 28 U.S.C. §§ 1402(b), 1406(a). Alternatively, the United States moves to transfer the case to the District of Utah because it would serve the interests of justice. If the Court determines the case should remain in the District of Montana, the United States requests a transfer to the Butte Division.

## II.  Analysis

**A.  Venue is not proper in Montana and the case will be transferred to the District of Utah.**

The Act permits recovery against the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Venue is appropriate "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

The parties agree that none of the Plaintiffs resides in Montana. Thus, venue is proper in Montana only if "the act or omission complained of occurred" in Montana. 28 U.S.C. § 1402(b). The United States argues the act or omission

occurred in Utah, where the Salt Lake Center Air Traffic Control is located. Metro disagrees, asserting the act or omission occurred in Montana when the pilot failed to receive the warnings that allegedly would have prevented the plane crash.

An "omission" is "[a] failure to do something, [especially] a neglect of duty." Black's Law Dictionary 1116 (Bryan A. Garner ed., 7th ed., West 1999). It may also be understood as a "negative act," or a "failure to do something that is legally required." Id. at 25. An "act" is "[s]omething done or performed, [especially] voluntarily" or "[t]he process of doing or performing; an occurrence that results from a person's will being exerted on the external world." Id. at 24. An "act" is "an external manifestation of the actor's will and does not include any of its results, even the most direct, immediate, and intended." Restatement (Second) of Torts § 2 (1965).

The Supreme Court has construed the meaning of "acts or omissions" in section 1346(b), which governs choice of law under the Act. Richards v. U.S., 369 U.S. 1 (1962). Section 1346(b) states liability shall be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court determined that section 1346(b) requires application of "the law of the place where the acts of negligence took place," rather than "the place where the negligence had its operative effect." Id. at 10.

Courts have applied Richards' reasoning to the similar language of section 1402(b).  E.g. Reuber v. U.S., 750 F.2d 1039 (D.C. Cir. 1985).  In Reuber, the plaintiff was employed by a research facility in Maryland, and he alleged the director wrote an inappropriate letter of reprimand.  The letter later became public in the District of Columbia.  Reuber, 750 F.2d at 1044-46.  The D.C. Circuit agreed with the reasoning in Richards and concluded venue was improper in the District of Columbia because the acts complained of by federal employees – writing the letter and placing it in his file – all occurred in Maryland.  Id. at 1047-48.  See also Lopez v. U.S., 68 F. Supp. 2d 688 (M.D.N.C. 1999) (transferring a case from North Carolina to Pennsylvania where alleged medical malpractice against a prisoner occurred in Pennsylvania, but the prisoner was relocated to North Carolina, where he died).  Further, a federal court in New York, without considering Richards, concluded for purposes of venue under the Act that "[i]f the United States was negligent in the operation and control of [air traffic control] facilities, that negligence occurred where the facilities existed."  Buchheit v. United Air Lines, Inc., 202 F. Supp. 811, 815 (S.D.N.Y. 1962).

Judge Hatfield determined that venue was proper in Montana where a plane flying in Montana crashed after receiving direction from FAA employees in Utah that allegedly caused the crash.  Forest v. U.S., 539 F. Supp. 171, 175-76 (D.

5

Mont. 1982). The Court found that "employees of the Federal Aviation Administration transmitted the flight information from Salt Lake City to Montana. However, their conduct did not become 'tortious' . . . until the flight information was received by the pilot of the aircraft, thereby allegedly causing him to crash into the mountainside." Id. Therefore, the Court concluded the allegedly negligent act occurred in Montana. Judge Hatfield did not refer to Richards in his opinion.

In this case venue does not lie in Montana because the acts or omissions complained of did not occur here. Although Richards interpreted section 1346(b) of the Act, rather than the venue provision of section 1402(b), the language of the two provisions is nearly identical. Reuber and Lopez conclude Richards' reasoning applies to the venue provision of the Act, and this means it is where the acts or omissions take place, not where they have their "operative effect" that is important. Richards, 369 U.S. at 10. This interpretation is consistent with the definition of "act" (and a "negative act" or omission) as referring only to the "external manifestation of the actor's will" and not the "results, even the most direct, immediate, and intended." Restatement (Second) of Torts § 2.

The Complaint alleges the FAA owned and operated the Salt Lake Center Air Traffic Control, which directed and advised air traffic in Montana, including

6

the flight at issue here.  Compl., ¶ 11.  It also alleges the following led to the plane crash:

> Salt Lake City [Air Traffic Control] controllers directed, controlled, communicated, vectored, instructed and advised Kirol . . . .  While [the plane] was in the descent portion of the flight, [Air Traffic Control] controllers failed to warn Mr. Kirol of a Minimum Safe Altitude Alert that [Air Traffic Control] had received in connection with the descent of [the plane].

Id. at ¶ 16.  The Complaint alleges it was the failure to transmit information about the Minimum Safe Altitude Alert that caused the crash, a failure by the FAA employees at the Air Traffic Control facility in Salt Lake City, Utah.  Thus, the alleged "failure to do something that is legally required" complained of in this case took place where the air traffic controllers were located, although their alleged omissions had a final effect in Montana.  Black's Law Dictionary at 25.  The plain language of section 1402(b) means that venue is proper in Utah rather than Montana because the acts or omissions complained of occurred in Utah.

While Metro relies heavily on Forest to argue venue is proper in Montana, the argument is not persuasive.  Forest is distinguishable because it involved the actual receipt of faulty information in Montana.  Here, in contrast, the Complaint alleges it was the alleged failure to transmit a warning, a failure that occurred in Utah.  Thus, any "negligence occurred where the facilities existed," in Utah.

7

Buchheit, 202 F. Supp. at 815.  Furthermore, it appears from Forest that Montana people were involved either as defendants or plaintiffs.  Further, although Richards was decided before Forest, it was not raised before Judge Hatfield, so he did not have the benefit of Richards' reasoning.  Venue is not proper in Montana.

If a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision whether to dismiss or transfer a case filed in an improper venue is within the court's discretion.  Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (9th Cir. 1983).  The Court hereby exercises its discretion to transfer the matter to the District of Utah where venue is proper because it is where the acts of omissions complained of occurred.

### III.  Conclusion

IT IS HEREBY ORDERED that the United States motion to dismiss or transfer (dkt #10) is GRANTED IN PART and DENIED IN PART.  It is GRANTED as to the request to transfer based on improper venue.  It is DENIED as moot in all other respects.

IT IS FURTHER ORDERED that the preliminary pretrial conference now set for May 14, 2010 is VACATED.

The Clerk of Court is directed to transfer this matter to the District of Utah.

DATED this 10th day of May, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

9